## IN RE STEVENS.

(No. 7,021.)

(Decided November 23, 1932.)

[16 Pac. (2d) 410.]

*Mr. H. S. Hepner,* Special Prosecutor.

No appearance in behalf of accused.

Opinion: PER CURIAM.

Chisholm Oil Company, a corporation, filed in this court a petition setting forth that Jess H. Stevens, an attorney and

counselor at the bar of this court, had been guilty of professional misconduct, and praying that the Attorney General be directed to proceed against him. The petition alleges that Chisholm Oil Company, hereafter referred to as the petitioner, retained Jess H. Stevens, referred to hereafter as the accused, as its attorney to represent it in a certain action and proceeding instituted in Toole county, wherein petitioner was the plaintiff and Adams Company, a corporation, was defendant; in that action judgment was entered in favor of the plaintiff and against the defendant on May 6, 1929, for $1,064.24, and on June 4, 1929, the judgment was satisfied by the accused for the plaintiff; that, although the accused satisfied the judgment of record, he failed and refused to account to the petitioner for the money so received; that petitioner made various demands upon him for a settlement, but he failed, neglected, and refused to account to petitioner for the money received. It is alleged further that in the year 1928 the accused instituted another action wherein petitioner was plaintiff and the Adams Company was defendant in the district court of Toole county to recover of the defendant the sum of $124; that the action was not brought to hearing, but on June 4 a praecipe of dismissal was filed with the clerk of the court containing the following statement: "Dismissed as satisfied and paid in full, June 1, 1929, Jess H. Stevens, Attorney for Plaintiff"; that the accused failed and refused to account for the money so received.

The complaint was referred to the Attorney General for investigation and report. At his suggestion H. S. Hepner, Esq., was appointed special investigator, and, after a thorough investigation, Mr. Hepner reported that prima facie the accused was guilty of the acts charged in the petition. Thereupon it was ordered that the petition be filed with the clerk of the supreme court, and that summons issue thereon. At the request of the Attorney General, Mr. Hepner was thereupon appointed special prosecutor. Summons was served on Mr. Stevens personally at Great Falls, Montana, on June 28, 1932.

Two extensions of time to appear and answer were granted the accused upon his request.

On September 1, accused filed an answer in which he did not deny the allegations of the petition, nor did he set forth any matter excusing the delinquencies with which he was charged. Thereafter the court appointed George W. Padbury, Jr., Esq., a member of the Helena, Montana, bar, referee with the usual powers, instructing him to take testimony upon the issues of fact presented by the pleadings, and to report the same to this court with his findings of fact and conclusions and recommendations thereon.

The referee gave notice to the accused that the hearing would be held before him at 3 o'clock P. M. on Friday, October 14, 1932, at Judge Meigs' courtroom at the courthouse in Great Falls, Montana. Notice was sent to the accused by registered mail, and he received it on October 5, 1932. The accused did not appear at the time and place fixed, either in person or by counsel. After waiting until 4 o'clock, and the accused still failing to appear, the referee proceeded to take testimony, which tended to sustain the allegations of the petition.

It appeared from the testimony that Mr. Stevens, in conversation with H. C. Hall, Esq., attorney for the petitioner, and with Mr. Hepner, did not deny that he had collected the amount of the judgment, or the amount of money due petitioner in the second action mentioned; but on May 19, 1932, when Mr. Hepner was investigating the matter, he and the accused called upon Mr. Hall, and Mr. Hepner inquired whether the petitioner would accept the sum of $500 in full settlement of all its claims against the accused, to which Mr. Hall replied that he could not say, as he had no authority to make any such settlement. Mr. Hepner then requested Mr. Hall to telegraph the attorneys for the petitioner in Minnesota with reference to the proposed settlement recommending the acceptance of the offer. This Mr. Hall did, accused paying the cost of the telegram. The understanding was that, if the offer was accepted, the money would be

paid by the accused before June 2, 1932. In due time Mr. Hall received authority to accept the proposition, but the accused failed to pay the money. On June 14 the accused sent Mr. Hepner the following telegram: "Had talk with Hall today and suggested he write you matter would be paid within a few days and possibly tomorrow and this was agreeable with him. Please let us handle our matters here. J. H. Stevens." The accused never made any payment, and did not communicate with Mr. Hepner again.

Upon due consideration, the referee found the allegations of the petition to be true; that the accused collected the moneys as charged, and failed, neglected, and refused to account therefor, retaining the same for his own use, by reason whereof the referee found the accused guilty of unprofessional conduct, and recommended that he be disbarred.

Upon the foregoing state of facts, the court is constrained to adopt the recommendation of the referee. Therefore it is ordered, adjudged, and decreed: That the accused, Jess H. Stevens, be removed from his office as attorney and counselor at law, that his name be stricken from the roll, and that he be prohibited henceforth from practicing law in this state.

All Justices concur.